IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

Brenda L. Austin,

    Debtor.

Case No. 12-30594
Chapter 13

---

Brenda L. Austin,

    Plaintiff,

vs.

Southern Specialty Finance, Inc.,
d/b/a Check 'n Go,

    Defendant.

Adversary Proceeding _____

---

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against the defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

### II. JURISDICTION

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 157(b)(2) and § 1334.

4. This adversary proceeding arises from a violation of the Truth in Lending Act, 15 U.S.C. § 1640(e).

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

6. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

8. The plaintiff, Brenda L. Austin, is the debtor in the base bankruptcy case and is a resident of the State of Alabama within the Middle District of Alabama for venue purposes.

9. Southern Specialty Finance, Inc., d/b/a Check 'n Go is an Ohio corporation doing business in the State of Alabama. Southern Specialty Finance, Inc. operates a business offering loans known as "Check 'n Go" located at 2851 East South Boulevard, Suite C, Montgomery, AL 36116. Southern Specialty Finance, Inc., d/b/a Check 'n Go (hereinafter "Check 'n Go") may be served with process by serving CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

10. At all times relevant hereto, the defendant regularly extended or offered to extend consumer credit for which the payment of a finance charge is or may be required, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(g) and Regulation Z § 226.2(a)(17).

### IV. FACTUAL ALLEGATIONS

11. On or about October 20, 2011, plaintiff entered into an "Installment Loan Agreement" with the defendant.

12. The amount financed was $2,100.00 with payments due as follows:

| Installment Payment | Amount of Payment | When Payment Is Due |
| --- | --- | --- |
| 1 | $484.53 | 11/09/2011 |
| 2 | $484.53 | 12/09/2011 |
| 3 | $484.53 | 01/09/2012 |
| 4 | $484.53 | 02/09/2012 |
| 5 | $484.53 | 03/09/2012 |
| 6 | $484.53 | 04/09/2012 |
| 7 | $484.53 | 05/09/2012 |
| 8 | $484.53 | 06/09/2012 |
| 9 | $484.53 | 07/09/2012 |
| 10 | $484.50 | 08/09/2012 |

13. This transaction later became the subject of Claim 13 filed in the base bankruptcy case.

14. This agreement is subject to the Truth in Lending Act.

15. The defendant in this case made disclosures in accordance with its obligations under the Truth in Lending Act.

16. Those disclosures were inaccurate in that the defendant's disclosures allege an APR of 249.20% when in fact the APR is actually 249.848%.

17. The variance in the APR disclosure is .648%.

18. The Truth in Lending Act provides that the APR disclosure may not deviate more than .125% in a consumer transaction.

19. Pursuant to the Truth in Lending Act a violation of the disclosure requirements for APR is a violation of TILA subjecting the offending creditor to an award of actual damages, statutory damages, attorney's fees and costs.

### V. FIRST CAUSE OF ACTION

20. The Plaintiff realleges all prior paragraphs as if set out here in full.

21. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of the Truth in Lending Act and Regulation Z by understating the disclosed annual percentage rate by more than .125% in violation of 15 U.S.C. §§ 1631 and 1638, and Regulation Z §§ 226.17, 226.18 and 226.22(a)(2).

22. By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff for any actual damages, statutory damages, attorney's fees and the costs of this action.

WHEREFORE, the Plaintiff, having set forth the claims for relief against the Defendant, respectfully prays of this Honorable Court as follows:

A. That Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney; and

D. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this 16th day of October, 2012.

                                          Respectfully submitted,

                                          */s/Nick Wooten*

                                          Nick Wooten
                                          Nick Wooten - Bar No. WOO084
                                          Nick Wooten, LLC
                                          P.O. Box 3389
                                          Auburn, AL 36831
                                          Tel. (334) 887-3000
                                          Fax (334) 821-7720
                                          Email: nick@nickwooten.com